UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINA FARAHMAND, individually and on behalf of other persons similarly,<br><br>                                                    Plaintiffs,<br><br>        -    against -<br><br><br>CITY OF NEW YORK,<br><br>                                                    Defendants. | **Case No.**<br><br><br>**ACTION UNDER 29 U.S.C. § 203 *et seq.*** |

The Named Plaintiff, by her attorneys Virginia & Ambinder, LLP, alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1.    This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b), to recover unpaid minimum wages owed to Plaintiff and all similarly situated persons who are presently or were formerly engaged by the City of New York to perform work classified by Defendants as "unpaid interns," within the offices of the New York City Council (hereinafter referred to as the "City Council").

2.    Beginning in approximately June 2023 and, upon information and belief, continuing through the present, Defendants have wrongfully withheld wages from Plaintiff and other similarly situated individuals who worked for Defendants.

3.    Beginning in approximately June 2023 and, upon information and belief, continuing through the present, Defendants have wrongfully classified Plaintiff and others similarly situated as exempt from minimum wages.

4.    Beginning in approximately June 2023 and, upon information and belief, continuing through the present, Defendants have failed to provide compensation at the statutory minimum wage rate for all hours worked.

5.    Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including minimum wage, of which they were deprived, plus interest, damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

6.    Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 1337.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' principal place of business is in this district.

8.    Defendants constitute an "enterprise engaged in commerce" with a gross volume of business done that is in excess of $500,000.00.

## THE PARTIES

9.    Plaintiff Mina Farahmand is an individual who is currently a resident of New York, New York.

10.    Plaintiff was employed by Defendants from approximately May 18, 2026 through June 17, 2026.

11.    Although the Defendants misclassified Plaintiff and other members of the putative collective as unpaid interns, Plaintiff is a covered employee within the meaning of the FLSA.

12.    Upon information and belief, Defendant New York City Council is an entity duly organized and existing under the Constitution and laws of the State and City of New York.

13.    Defendant is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. §203(x).

14.    Pursuant to the New York City Charter § 396, the City of New York is the proper

-2-

Defendant in this action.

15.    Defendant is the "employer" as contemplated by the FLSA, 29 U.S.C. § 203(d).

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16.    Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 15 hereof.

17.    This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

18.    The Putative Collective consists of the individuals who have opted-in to this action to date, as well as all similarly situated individuals who worked for Defendant who were classified by Defendant as "unpaid interns" working for the City of New York within the offices of the New York City Council at any point between June 2026 and the present.

19.    Plaintiff and, upon information and belief, the other members of the putative collective, were subject to the Civil Service laws of the State of New York.

20.    Plaintiff and, upon information and belief, the other members of the putative collective, were not employees of any legislative body whose principal functions and duties were directly related to the performance of the legislative functions of such body.

21.    Named Plaintiff and Putative Collective members were employees eligible to be paid for every hour worked pursuant to the FLSA.

22.    Individuals who elect to opt-in as part of the collective action are all believed to be victims of Defendant's common policy and/or plan to violate the FLSA by failing to pay such individuals minimum wages for all hours work despite being required to do so pursuant to the FLSA and cases interpreting same.

23.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs who comprise the proposed collective.

24.     Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all members of the putative collective.

25.     This action is properly maintainable as a collective action pursuant to FLSA, 29 U.S.C. § 216(b).

**FACTS**

26.     Upon information and belief, beginning in or around June 2023, the Defendants employed Plaintiff and members of the putative collective to perform various tasks for which Defendants were the primary beneficiaries.

27.     Pursuant to the New York City Charter § 396, the "employer" of Plaintiff and other members of the Putative Class was the City of New York.

28.     Defendants did not provide any compensation to Plaintiff and members of the putative collective for the hours worked.

29.     Defendants have benefitted from the work that Plaintiff and members of the putative collective performed.

30.     Defendants would have hired additional employees or required existing staff to work additional hours had Plaintiff and the members of the putative collective not performed work for Defendant.

31.     Defendants did not provide academic or vocational training to Plaintiff or members of the putative collective.

32.     Plaintiff and, upon information and belief, other members of the putative

collective, did not receive college credit for the work that they performed for Defendants.

33.    Plaintiff and, upon information and belief, other members of the putative collective, did not receive beneficial learning from Defendants for the work they performed for Defendants.

34.    Plaintiff and, upon information and belief, other members of the putative collective, did not receive significant educational benefits from the work they performed for Defendants.

35.    Defendants' unlawful conduct has been pursuant to a policy or practice of minimizing labor costs by denying Plaintiff and members of the putative collective wages in violation of the FLSA.

36.    Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and members of the putative collective.

37.    Upon information and belief, while working for Defendants, the Plaintiff and members of the putative class were regularly required to perform work for Defendants, without receiving minimum wages for all hours worked.

38.    Plaintiff Mina Farahmand was employed by Defendants as an intern within the offices of the New York City Council from May 19, 2026, through June 17, 2026.

39.    Plaintiff Farahmand worked a set schedule from 10:00 a.m. through 5:00 p.m., each Wednesday and Thursday, and from 10:00 a.m. through 5:00 p.m. on alternating Tuesdays.

40.    During the entire tenure of Plaintiff's employment, she received no education or training whatsoever, other than being shown how to input information into the New York City Council's proprietary electronic data storage system, IWOMM.

41.    Plaintiff Farahmand performed tasks such as printing, stapling, and organizing documents into binders.

42.    Plaintiff was specifically told that her supervisors preferred to have unpaid interns perform tasks such as printing and stapling documents, because it allowed paid workers to perform other tasks.

43.    Plaintiff was specifically told that unpaid interns could not refuse administrative work such as printing, stapling, and organizing documents, and the unpaid interns did more of it than paid interns or other employees.

44.    On one occasion, Plaintiff Farahmand was required to take refuse to the composting bin outside of the building.

45.    Plaintiff Farahmand additionally performed tasks such as uploading information to computer servers and taking notes.

46.    Plaintiff Farahmand's primary duties were not directly related to the performance of the legislative functions of the body which constituted her employer.

47.    Plaintiff was not paid any wages, and thus was not compensated at a rate in compliance with the statutory minimum wage rate.

48.    Prior to commencing her employment with Defendants, Plaintiff had already graduated from college, receiving her Bachelor's degree in May of 2026.

49.    Plaintiff had not yet commenced any further formal education program as of the termination of her employment.

50.    Plaintiff did not receive any academic credit for her employment with Defendants.

51.    Plaintiff Farahmand was never asked any questions about what she hoped to learn or achieve from her "internship" with Defendants.

52.     Plaintiff Farahmand requested to be on weekly staff calls regarding the legislative process as an educational experience, but was told that that would not be a good use of her time.

53.     On or about June 11, 2026, Plaintiff Farahmand spoke to New York City Council member Harvey Epstein about her belief that she be paid a wage.

54.     On or about June 15, 2026, Plaintiff Farahmand spoke to New York City Council Speaker Julie Menin, asking that wages for herself and other interns be inserted into the budget for the upcoming fiscal year.

55.     On or about June 16, 2026, Plaintiff Farahmand sent a petition to Council Speaker Menin, containing 32 other signatures, requesting that unpaid interns working within the offices of the City Council be paid a wage.

56.     On June 17, 2026, Chanel Elliott, Deputy Chief of Staff to City Council Member Epstein, informed Plaintiff Farahmand that, in sum and substance, "this is your last day as a volunteer here."

57.     At no time previous to June 17 had Plaintiff Farahmand been referred to by any employee of Defendants that she was deemed to be a "volunteer" rather than an intern.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA MINIMUM WAGE COMPENSATION

58.     Plaintiff repeats and re-alleges the allegations set forth in paragraph 1 through 38 hereof.

59.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12

-7-

months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

60.     The City of New York is an employer within the meaning contemplated under U.S.C. § 203(d).

61.     Plaintiff and other members of the putative collective are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

62.     Plaintiff and other members of the putative collective, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

63.     Plaintiff and, upon information and belief, other members of the putative collective, are subject to the civil service laws of the State of New York.

64.     Plaintiff and, upon information and belief, other members of the putative collective, were not employees whose principal functions and duties were directly related to the performance of the legislative functions of a body which constituted their employer.

65.     Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiff and other members of the putative class minimum wages for hours worked in any given week.

66.     Upon information and belief, the failure of Defendants to pay Plaintiff and other members of the putative class their rightfully-owed wage was willful.

67.     By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

**WHEREFORE**, the Plaintiff, individually and on behalf of all other persons similarly

situated who were employed by the CITY OF NEW YORK seeks the following relief:

(1)    on the first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2)    together with such other and further relief the Court may deem appropriate.

Dated: New York, New York
         July 7, 2026

VIRGINIA & AMBINDER, LLP

By:    /s/ James Murphy
       James Emmet Murphy, Esq.
       40 Broad Street, 7th Floor
       New York, New York 10006
       Tel:    (212) 943-9080
       JMurphy@vandallp.com

*Attorneys for Plaintiff and the putative collective*